ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/25/2025 8:37 AM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/25/2025 8:37:27 AM
CHRISTOPHER A. PRINE
Clerk

# Court of Appeals Number: 15-24-00095-CV

# Trial Court Case Number: D-1-GN-24-002025

| | |
|---|---|
| Edward Rudolph Turnbull, IV<br>v.<br>Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS<br><br>FIFTEENTH DISTRICT<br><br>AT AUSTIN, TEXAS |

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief and submitted on 03/24/2025, Monday via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

**To the Honorable Court:**

Attached with this Amicus Curiae Citizen's Statement, the Court can find copies of material evidence how the current Texas Rules of Disciplinary Procedure (TRDP) has been useless about the accountability proceeding of the Chief Disciplinary Counsel ("CDC") of the State Bar of Texas (See: Tex. R. Disciplinary P., reprinted in Tex. Govt Code Ann,. tit. 2, subtit. G app. (Vernon Supp. 1995)), V

1

Chief Disciplinary Counsel, Rule: 5.03; and that in the context about the accountability on disciplinary and disability matters; the Chief Disciplinary Counsel is **accountable** <u>**only**</u> to the Commission for Lawyer Discipline ("CFLD").

Amicus Curiae Citizen filed properly an administrative complaint with Mr. Roberto Ramirez as Chair of the Commission for Lawyer Discipline ("CFLD") of the State Bar of Texas and that responded to complainant as recipient of the complaint letter received and for acknowledge receipt dated on 02/07/2023 and informing that the CFLD was in the process of reviewing information set forth in the correspondence sent by the complainant and requesting accountability about the ministerial duties and not performed properly by the Chief Disciplinary Counsel ("CDC") of the State Bar of Texas in relation one grievance complaint assigned.

Complainant has never received an administrative findings report and from the part of the Chair of the Commission for Lawyer Discipline ("CFLD") of the State Bar of Texas and concerning the administrative complaint filed against the incumbent Chief Disciplinary Counsel Seana Beckerman Willing and having followed strictly the compliance of the TRDP Rule 5.03 and with complaint filed with the CFLD of the State Bar of Texas and whose commission is in charge to supervise the accountability of the ministerial acts perpetrated by the Chief Disciplinary Counsel of the State Bar of Texas.

Also, as part of the inner circle of cronies' internal policy of the State Bar of Texas, the Office of Legal Counsel of the State Bar of Texas has responded in one letter dated on 03/01/2023 about the complaints filed by complainant and related the failure of the ministerial duties performed and from the part of the Chief Disciplinary Counsel ("CDC") Seana Beckerman William, the Regional Manager and Deputy Regional Attorney of the Dallas Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas, Tonya Harlan, the senior regional investigator of the Dallas Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas, Domingo Elizondo, and about the Assistant Chief Disciplinary Counsel of the Dallas Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas, Luvenia Evett Sanchez, and being all State Bar staff members allotted in the Office of the Chief Disciplinary Counsel of the State Bar of Texas and responsible to conduct administratively one grievance complaint assigned with the Office of the Chief Disciplinary Counsel of the State Bar of Texas and of which has been forwarded for further proceedings with the Dallas Regional Office of the Chief Disciplinary Counsel and having as recipient responsible for the grievance complaint assigned and received, the Regional Manager and Deputy Regional Attorney of the Dallas Regional Office of the Chief Disciplinary Counsel of the State Bar of Texas, Tonya Harlan.

The Office of Legal Counsel of the State Bar of Texas only has informed that the Commission for Lawyer Discipline ("CFLD") provides ***oversight*** in the Chief Disciplinary Counsel ("CDC") and that it administers the attorney discipline system.

Also, the Office of Legal Counsel has not informed that the CFLD is responsible to supervise the **accountability of the ministerial acts performed and perpetrated by the Chief Disciplinary Counsel ("CDC")**, and having omitted the citation of the **TRDP Rule 5.03 about the accountability of the Chief Disciplinary Counsel and to reported to the Commission for Lawyer Discipline ("CFLD"),** and finally the Office of Legal Counsel has informed about the ombudsman for the Attorney Discipline System under the Texas Government Code Section 81.0883 and that is in charge to review grievance complaints received by the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

Complainant has filed a complaint with the ombudsman for the Attorney Discipline System, but such complaint filed has been useless. Also, the letter issued by the Office of Legal Counsel has not the name and last name of the author of the letter.

All such copies of material proof has been posted in the Committee on Disciplinary Rules and Referenda Proposed Rule Changes for the Texas

Disciplinary Rules of Professional Conduct, Rule 5.05, Unauthorized Practice of Law; Remote Practice of Law, Public Comments Received through April 13, 2023.

Complainant has filed public comments with the Committee on Disciplinary Rules and Referenda and what the Commission should analyze to be the Chief Disciplinary Counsel ("CDC") really accountable about her acts perpetrated in her Office as official capacity, as well as, her subordinated employees and scattered in three regional offices of the CDC and once that the Commission for Lawyer Discipline ("CFLD") has demonstrated to be useless and to supervise the accountability of the Chief Disciplinary Counsel of the State Bar of Texas and same having received an administrative complaint and in consonance with the TRDP Rule 5.03 and prevailing the internal and informal policy of the State Bar of Texas as inner circle of cronies.

Complainant has notified the Board of Directors and the Commission for Lawyer Discipline of the State Bar of Texas and whose sections of the State Bar of Texas are responsible to hire the Chief Disciplinary Counsel ("CDC") as at will employment as ex-officio official. However, no administrative act has been really released and showing how is dysfunctional the administrative structure of the State Bar of Texas and in relation the Attorney Discipline System and for accountability of the Chief Disciplinary Counsel as one ex-officio official at will employment and in charge in the Public Protection Division of the State Bar of Texas.

Dated: March 25, 2025

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on the 25th day of March 2025.

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# Committee on Disciplinary Rules and Referenda Proposed Rule Changes

## Texas Disciplinary Rules of Professional Conduct Rule 5.05. Unauthorized Practice of Law; Remote Practice of Law

## Public Comments Received
### Through April 13, 2023

**From:**
**To:**                          ;    ;         ;▓▓▓▓▓▓▓
**Subject:**         What the Commission for Disciplinary Rules and Referenda (CDRR) should analyze.
**Date:**            Monday, April 3, 2023 2:47:47 PM
**Attachments:**

Re: What the Commission for Disciplinary Rules and Referenda (CDRR) should analyze

The CDRR should analyze what kind of the rule should be created and for the Chief Disciplinary Counsel to be really **accountable** about her acts perpetrated in her Office as official Capacity, as well as her subordinated employees and scattered in three regional offices of CDC.

Actually is the Commission for Lawyer Discipline and that is in charge to supervise the accountability of the CDC, but at the present moment, the Chair of the CFLD has not done absolutely nothing.

Attached copies of the Complaint filed with the Board of Directors and the Commission for Lawyer Discipline of the State Bar of Texas and whose sections of the State Bar of Texas are responsible to hire the Chief Disciplinary Counsel as at will employment.

# STATE BAR OF TEXAS

000042



Roberto Ramirez
Chair, Commission for Lawyer Discipline

February 7, 2023

Adriano K. Budri
5029 County Road 605
Burleson, TX 76028-1177

Re:     Correspondence dated 1/23/2023

Dear Mr. Budri:

This letter will acknowledge receipt of your correspondence dated 1/23/2023. In the context of Rule 5.03 of the Texas Rules of Disciplinary Procedure, The Commission for Lawyer Discipline is in the process of reviewing information set forth in your correspondence.

Thank you for reaching out to the Commission.

Sincerely,

Roberto Ramirez
Chair, Commission for Lawyer Discipline

# STATE BAR OF TEXAS



**Office of Legal Counsel**

P.O. Box 12487
Austin, TX 78711
FAX: (512) 427-4230

March 1, 2023

Mr. Adriano Budri
5029 County Road 605
Burleson, Texas 76028

RE:     Your Complaints

Dear Mr. Budri:

On February 14, 2023, the State Bar of Texas Office of Legal Counsel received your complaint dated January 16, 2023, which states that it is related to "Seana Beckerman Willing, Tonya Harlan, Domingo Elizondo, and Luvenia Evett Sanchez, all State Bar staff members allotted in the Office of the Chief Disciplinary Counsel of the State Bar of Texas."

On February 27, 2023, our office also received your letter dated February 20, 2023, regarding "Written Complaint Form pursuant to State Bar Act Section 81.036." Our office also received your February 20, 2023, emails regarding the same subject.

The Commission for Lawyer Discipline provides oversight to the Chief Disciplinary Counsel and administers the attorney discipline system.

The Ombudsman for the Attorney Discipline System is charged, in pertinent part, with reviewing grievances to determine whether proper procedures were followed, receiving complaints about the attorney discipline system, and receiving and investigating complaints on violations of the system's procedural rules. *See* Tex. Gov't Code § 81.0883.

Additional information about the Ombudsman for the Attorney Discipline System, including contact information, is available online at:

You can contact the Ombudsman for the Attorney Discipline System by email at or by phone at 1-844-527-0382 (toll free).

Pursuant to the enclosed Complaint Process, this concludes the Office of Legal Counsel's review of these complaints.

Sincerely,

Office of Legal Counsel

Enclosure

1414 Colorado Street, Austin, Texas 78701

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98836828
Filing Code Description: Letter
Filing Description: AMICUS CURIAE CITIZEN STATEMENT WITH EXHIBITS
Status as of 3/25/2025 8:44 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 3/25/2025 8:37:27 AM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 3/25/2025 8:37:27 AM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 3/25/2025 8:37:27 AM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 3/25/2025 8:37:27 AM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 3/25/2025 8:37:27 AM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 3/25/2025 8:37:27 AM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 3/25/2025 8:37:27 AM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 3/25/2025 8:37:27 AM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 3/25/2025 8:37:27 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 3/25/2025 8:37:27 AM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 3/25/2025 8:37:27 AM | SENT |
| Brooke Noble | | bnoble@velaw.com | 3/25/2025 8:37:27 AM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 3/25/2025 8:37:27 AM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 3/25/2025 8:37:27 AM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 3/25/2025 8:37:27 AM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 3/25/2025 8:37:27 AM | SENT |